D. H. Willey v. Commissioner.
D. H. Willey v. Commissioner
Docket No. 18503.
United States Tax Court
1950 Tax Ct. Memo LEXIS 22; 9 T.C.M. (CCH) 1109; T.C.M. (RIA) 50299; December 7, 1950
*22 1. Respondent did not err in holding that money received by petitioner during the taxable year for sale of timber was ordinary income and not a capital gain. 2. Where petitioner failed properly to allege error in respondent's treatment of an item for the taxable year, and there has been no motion to conform the pleadings to the proof, the respondent must be sustained. L. F. Ratterman, C.P.A., 3529 Burch Ave., Cincinnati, O., for the petitioner. R. W. Harbert, Jr., Esq., for the respondent. *23 RICE
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of $4,211.18 for the taxable year 1944. The issue to be decided is whether money received for the sale of timber in 1943 was capital gain or ordinary income. Petitioner also contends that the Commissioner allowed an item to be treated as income for 1944 which should have been treated as income for 1945. Findings of Fact Petitioner is an individual who filed his income tax return for the taxable year with the collector of internal revenue for the first district of Ohio. During 1943 and 1944, petitioner was president of the D. H. Willey Lumber Company, located in Cincinnati, Ohio. Petitioner, who is on the cash basis, owned about 5000 acres of standing timber in Alabama. In 1944 he received $8,212.40 for standing timber sold in 1943 under an oral contract to one P. M. Karr. This sum of $8,212.40 was not included in petitioner's income tax return for 1944. Mr. Karr had a small sawmill near the timber land. He selected the timber he wanted and used it for a high priority order which he had during the war emergency. He was not an employee of petitioner during the time in question, *24 but merely watched over the land for petitioner who had known Karr for about 25 years. Opinion RICE, Judge: The issue which we must decide arises as a result of a prior proceeding before this Court in which we held that the present petitioner had erroneously included $8,212.40 in his income tax return for the taxable year 1943. [1] This amount is properly includible in the 1944 income tax return and the only contention is whether it represents ordinary income under section 22(a) of the Internal Revenue Code, or gain from the sale of capital assets under section 117. Respondent argues that it is ordinary income since it constitutes receipt of income from the sale of property held primarily for sale to customers in the ordinary course of trade or business. Property so held is excluded from the definition of "capital assets" in section 117(a). Under the evidence in this case we are unable to hold that such property was a capital asset. In order that a taxpayer who sells timber might be entitled *25 to the benefits of the capital gains provision of the law, many factors must be considered. Cf. U.S. v. Robinson, 129 Fed. (2d) 297; Commissioner v. Boeing, 106 Fed. (2d) 305; Carroll v. Commissioner, 70 Fed. (2d) 806; Camp Manufacturing Company, 3 T.C. 467. We are unable to conclude from the facts presented in this case whether the Commissioner erred in disallowing the capital gain treatment. Since petitioner failed to meet his burden of proof, respondent's determination will be sustained. During the course of the trial, petitioner introduced evidence which intended to show that $7,226.05 for sale of timber in 1944 to P. M. Karr was received in 1945 and, therefore, should not have been included in the 1944 income tax return. However, since the petitioner failed to plead this properly as an error, and we find no motion by petitioner to amend his pleadings to conform to his proof, we must uphold the respondent on this question. Decision will be entered for the respondent. Footnotes
1. D. H. Willey, et al., docket nos. 10864, 11911, 11912 and 12597, memorandum findings of fact and opinion, entered July 29, 1948 [7 TCM 454↩,].